UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PATRICK E. L. SMITH, | ) |
| Plaintiff, | ) 3  09  0485 |
| v. | ) No. 3:09mc0107 |
| | ) Judge Trauger |
| TENNESSEE DEPARTMENT OF CORRECTION, ET AL., | ) |
| Defendants. | ) |

## MEMORANDUM

### I. INTRODUCTION AND BACKGROUND

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the West Tennessee State Penitentiary in Henning, Tennessee. He brings this action under 42 U.S.C. § 1983 against the following defendants: 1) the Tennessee Department of Correction (TDOC); 2) the Turney Center Industrial Prison (Turney Center); 3) James Fortner, Warden at Turney Center; 4) George M. Little, Commissioner of TDOC; 5) Gayle Ray, Assistant Commissioner of TDOC; and 6) Nicky Jordan, Internal Affairs at Turney Center.[1] The plaintiff seeks money damages only.

The plaintiff asserts that he had trouble with several inmates at Turney Center, beginning with an assault against him on August 19, 2008. (Docket Entry No. 1, ¶ IV, Attach. pp. 1-2) Following a subsequent assault in October 2008 in which the other inmates "hit [him] over the head with [a] metal trash can several times," the Turney Center protective custody board told the plaintiff

---

[1] The complaint does not specify in what capacity the defendants are being sued. The Sixth Circuit "require[s] § 1983 plaintiffs 'to set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages.'" *Shepard v. Wellman*, 313 F.3d 963, 967 (6th Cir. 2002)(quoting *Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989)); *see Beil v. Lake Erie Correction Records Dept.*, 282 Fed.Appx. 363, 376 (6th Cir. 2008)(citing both *Shepard* and *Wells* for the proposition that § 1983 plaintiffs are required to specify in what capacity a defendant is sued). For reasons that will become clear, the complaint does not put the defendants on notice of the potential for individual liability. Therefore, the complaint is construed as suing the defendants in their official capacity only. *See Moore v. City of Harriman*, 272 F.3d 769, 773-775 (6th Cir. 2001).

that the offenders had been placed on maximum security. (Docket Entry No. 1, ¶ IV, Attach. p. 2) While the plaintiff was waiting to be moved to another part of the facility, one of those same inmates stabbed the plaintiff in the temple. (Docket Entry No. 1, ¶ IV, Attach. p. 3) The assailant was not in maximum security as the plaintiff had been told. According to the plaintiff, he nearly died before he received emergency medical care at the hospital. (Docket Entry No. 1, ¶ IV, Attach. pp. 3-4)

In addition to the foregoing, the plaintiff asserts that he had difficulties getting his medications while he was recovering at the Lois M. DeBerry Special Needs Facility (DeBerry) from the stabbing, and that he experienced other unspecified problems at DeBerry as well. (Docket Entry No. 1, ¶ IV, Attach. pp. 4-5) The plaintiff asserts further that some of his personal property has gone missing, and that his efforts to recover it have been unavailing. (Docket Entry No. 1, ¶ IV, Attach. pp. 5-6)

## II. ANALYSIS

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998) Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991)

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b) Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte*

2

dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

## A. Plaintiff's Failure-to-Protect Claim

### 1. TDOC

The plaintiff does not mention TDOC anywhere in the statement of the facts. However, in his demand for relief, he writes: "also for T.D.O.C. inadequate operation of policies[] interest, failure to protect . . . " (Docket Entry No. 1, ¶ IV)(unnecessary capitalization omitted) The claim "inadequate operation of policies[]interest" does not lend itself to liberal construction; however, the plaintiff's "failure to protect" claim is clear.

Notwithstanding the apparent seriousness of the plaintiff's injuries at the hands of another inmate, "[s]tate governments and entities that can be considered arms of the state are immune from suits for money damages under the Eleventh Amendment." *Rogers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003)(citing *Alkire v. Irving*, 330 F.3d 802, 814 (6th Cir. 2003) and *Brotherton v. Cleveland*, 173 F.3d 552, 560 (6th Cir. 1999)). More particularly, the Eleventh Amendment bars § 1983 suits seeking money damages against the state and against state employees sued in their official capacities. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)

As previously established, the plaintiff seeks money damages against the defendants in their official capacity. Because Congress has not abrogated Tennessee's Eleventh Amendment immunity, and because Tennessee has not expressly waived its right to sovereign immunity, *see Gross v. University of Tennessee*, 620 F.2d 109, 110 (6th Cir. 1980), the Court has no jurisdiction to hear the plaintiff's claim against TDOC

### 2. Warden Fortner Commissioner Little, and Assistant Commissioner Ray

The plaintiff makes no reference whatsoever to Warden Fortner, Commissioner Little, or Assistant Commissioner Ray anywhere in the statement of the facts.

3

Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag*, 454 U.S. at 365, the courts are not willing to abrogate basic pleading essentials in *pro se* suits, *see Wells*, 891 F.2d at 594. More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. *Id.* A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts. *Wells*, 891 F.2d at 594.

Because he does not allege what the above-named defendants did, or failed to do, that violated his rights, the plaintiff fails to satisfy the first part of the two-part test under *Parratt, supra* at p. 2. Therefore, he fails to make a *prima facie* showing under § 1983 as to these defendants.[2]

### 3. Defendant Jordan

Regarding defendant Jordan, the plaintiff asserts only that Sgt. Cox, a corrections officer at the Charles Bass Correctional Complex (CBCX),[3] told the plaintiff that he would "get the information back to Nicky Jordan the Internal Affair's officer" at Turney Center concerning the assault in which the plaintiff was struck on the head with the metal trash can. Apart from this single reference, the complaint is devoid of any factual allegations against defendant Jordan.

As previously noted, the court is not required to conjure up unpled facts. To the extent that the plaintiff's single reference to defendant can be construed as an allegation, it is conclusory and, as such, subject to dismissal. *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971).

---

[2] The plaintiff's claims against these three defendants also is barred by the Eleventh Amendment.

[3] The plaintiff was transferred to CBCX temporarily to await a court date after the assault in which he was struck in the head with the metal trash can. The plaintiff identified some of his assailants while he was CBCX.

4

### 4. Defendant Turney Center

Although the plaintiff does not mention Turney Center in the statement of the facts, he asserts in his demand for relief that Turney Center "acted negligently or intentionally." (Complaint, ¶ 5)(unnecessary capitalization omitted) In addition to this unsupported allegation being conclusory, as shown below, Turney Center also is not amenable to suit under § 1983.

"Persons" exposed to legal liability under § 1983 include municipal corporations and other "bodies politic and corporate." *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997), *cert. denied*, 522 U.S. 914 (1997)(citing *Monell v. Department of Social Services*, 436 U.S. 658, 688 (1978) and *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)(*per curiam*) However, just as sheriffs' offices and police departments are not bodies politic, and as such are not "persons" within the meaning of § 1983, *see Petty v. County of Franklin, Ohio* 478 F.3d 341, 347 (6th Cir. 2007); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Timberlake by Timberlake v. Benton*, 786 F. Supp. 676, 682-83 (M.D. Tenn. 1992), prisons are not "persons" within the meaning of § 1983, *see Mitchell v. Chester County Farms Prison*, 426 F. Supp. 271, 274 (D.C.Pa. 1976); *Marsden v. Fed. BOP*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D.Ill. 1993); *McCoy v. Chesapeake Corr'l Ctr.*, 788 F. Supp. 890, 893-894 (E.D.Va 1992). Because Turney Center is not a "person" within the meaning of § 1983, the plaintiff cannot establish the second part of the two-part test under *Parratt, supra* at p. 2. Consequently, the plaintiff cannot make a *prima facie* showing under § 1983 as to Turney Center.

### B. Plaintiff's Medical and Property Claims

The plaintiff does not provide any factual allegations against any of the defendants with respect to the alleged problems that he experienced while recovering at DeBerry. Neither has he provided any factual allegations against any of the defendants with respect to his missing property. For the reasons previously explained, both of these claims are conclusory and, as such, both are

5

subject to dismissal.

## III. CONCLUSION

For the reasons explained herein, the complaint will be dismissed for failure to state a claim on which relief may be granted.

An appropriate order will be entered.

*Aleta A. Trauger*
Aleta A. Trauger
United States District Judge